Keenan **ROBERSON,** Petitioner–Appellant,

v.

Derral G. **ADAMS,** Warden SATF & State Prison at Corcoran Respondent-Appellee.

No. 04–57201.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided March 7, 2006.

Attorney at Law, La Crescenta, CA, for Petitioner–Appellant.

Stephanie A. Miyoshi, DAG, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FRIEDMAN,* O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

In this federal habeas corpus proceeding, the appellant Keenan Roberson challenges his California jury conviction of attempted willful, deliberate pre-meditated murder, for which he was sentenced to life imprisonment. Roberson contends that he was denied effective assistance of counsel when his attorney advised him to reject a plea agreement under which he would have received a 13–year term of imprisonment, and to go to trial, and again when his attorney failed to seek a ten year plea agreement.

The district court properly recognized that federal habeas review is limited by the standard set in 28 U.S.C. § 2254(d). The district court concluded that Roberson had failed to show that the state court decision rejecting his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). We agree.

---

* Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36–3.

■ In its opinion in the federal habeas proceeding, the district court stated that the attorney so advised Roberson because she believed she "had a triable case" and because she "also believed that a 13–year sentence was too high." In hindsight, counsel's advice appears to have been mistaken. Whether an attorney's advice constituted ineffective assistance of counsel, however, must be determined on the basis of the situation as the attorney saw it when she gave the advice and not on the basis of a hindsight analysis of the correctness of that advice. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight ... and to evaluate the conduct from counsel's perspective at the time."). Although the attorney's advice in this case turned out to have been unwise, we cannot say it constituted ineffective assistance of counsel under our "highly deferential" "scrutiny of counsel's performance." *Id.*

■ Roberson also contends that his attorney's assistance was ineffective because she failed to pursue with the prosecution the possibility of obtaining a 10–year sentence, which his predecessor attorney had discussed with the prosecution. The only argument he made on this point in his state habeas proceeding, however, was that counsel had failed to inform him of the existence of a firm 10–year offer. The state court rejected this contention because it found that no firm 10–year offer had been made. Roberson's present contention on this issue thus was not raised in the state habeas proceeding, and as an "unexhausted" contention, it is not open to him in a federal habeas proceeding. *Duncan v. Henry,* 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); *Picard*

*v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

■ To the extent Roberson contends that his counsel's assistance at trial itself was ineffective, we decline to consider this argument because it was not certified for appeal. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam); 9th Cir. R. 22–1.

The judgment of the district court denying habeas corpus is affirmed.

AFFIRMED

PAEZ, Circuit Judge, dissenting.

I respectfully disagree with the majority's conclusion that Roberson's attorney's advice to reject the thirteen-year plea offer satisfied the requirements of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for effective assistance of counsel.

As the record reflects, upon taking over the case from a prior attorney, trial counsel advised Roberson to reject the thirteen-year offer because she was unfamiliar with the case, believed she could procure a better offer, and believed she could win at trial. I agree with the majority that this advice did not constitute ineffective assistance of counsel; but counsel's duty to advise her client did not end there.

Counsel had a continuing duty to "keep [her] client informed of the developments in the case" and to "explain developments in the case to the extent reasonably necessary to permit [him] to make informed decisions regarding [his] representation." ABA Standards for Criminal Justice 4–3.8 (3d ed. 1993) ("The Defense Function"); *see Strickland,* 466 U.S. at 688, 104 S.Ct. 2052 ("Prevailing norms of practice as reflected in American Bar Association standards and the like, *e.g.,* ABA Standards for Criminal Justice ... ("The Defense Function'), are guides to determining what is

reasonable...."). Counsel stated in a declaration that Roberson "continually asked [her] if the [thirteen-year] offer was still open." Despite Roberson's repeated protestations that he did not want to go to trial and risk a life sentence, it appears counsel never explained to Roberson that trial was beginning or that the thirteen-year deal no longer would be available. Roberson testified before the district court that he did not understand that his trial was commencing or that the plea offer was no longer available until it was too late.

Counsel's failure to adequately discuss the offer with Roberson on the eve of trial rendered her advice to reject the offer *at that time* objectively unreasonable. When no new offer was forthcoming, and in light of Roberson's recurring inquiries about the thirteen-year offer, counsel had an obligation to discuss the offer and its expiration upon the commencement of trial with Roberson. Her apparent failure to do so fell below the level of competence required of defense attorneys. Concluding otherwise, in my view, is an unreasonable application of *Strickland.* *See* 28 U.S.C. § 2254(d)(1).

It is undisputed that both Roberson and the trial judge were poised to accept the thirteen-year offer. It is also undisputed that the offer remained open until jury selection and possibly later. Roberson has satisfied the prejudice prong of *Strickland* by "show[ing] that, but for counsel's error[ ], he would have pleaded guilty and would not have insisted on going to trial." *Turner v. Calderon,* 281 F.3d 851, 879 (9th Cir.2002).

Because the district court explicitly declined to decide whether counsel adequately explained or discussed the thirteen-year plea offer and that rejecting it meant going to trial, I would vacate the judgment and remand to the district court for addi-tional factual findings. On remand, I would instruct the court to hold an evidentiary hearing on this issue, if it is disputed, and to grant Roberson's petition for a writ of habeas corpus if the court concludes that counsel did not adequately explain or discuss the thirteen-year plea offer and that rejecting it meant going to trial. *See Horton v. Mayle,* 408 F.3d 570, 578–82 (9th Cir.2005).

For the above reasons, I respectfully dissent.